UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., ) ) ) ) Plaintiffs, ) ) vs. ) ) ARBOR CONSTRUCTION ) COMPANY, LLC, ) ) Defendant. ) | Case No. 4:09cv1749 TCM |

**MEMORANDUM AND ORDER**

This matter is before the Court[1] on Plaintiffs' uncontested Motion for Summary Judgment. [Doc. 17] Plaintiffs bring their action pursuant to the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, to collect delinquent fringe benefits contribution owed by Defendant to various employee benefit funds affiliated with Plaintiff Carpenters' District Council of Greater St. Louis and Vicinity (District Council).

**Background**

The following facts are undisputed.[2]

The District Council and Defendant are parties to collective bargaining agreements (CBA). (Laramie Supp. Aff. ¶ 2; Doc. 18-3; 18-5.) These CBAs require Defendant to

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]As noted, Defendant did not respond to Plaintiffs' motion.

submit monthly reports disclosing the hours worked by each covered employee. (Laramie Aff. ¶ 3; Doc. 18-3 § 505.) Defendant must then pay fringe benefit contributions through the purchase of fringe benefit stamps. (Laramie Supp. Aff. ¶ 4; Doc. 18-3 § 505.) The CBAs also require Defendant to pay twenty percent liquidated damages in delinquent contributions, plus ten percent annual interest on that amount, attorney's fees, and court costs. (Laramie Supp. Aff. ¶ 5; Doc. 18-3 § 5.10; Doc. 18-5 §§ 5.10, 5.12.)

Defendant must also submit to payroll audits to determine if required contributions have been paid. (Laramie Supp. Aff. ¶ 6; Doc. 18-3 § 5.10; Doc. 18-5 § 5.12.) Such an audit was conducted by the accountant/controller for the employee benefit funds affiliated with District Council. (Laramie Supp. Aff. ¶ 7.) The audit covered the period between January 9, 2007, through July 7, 2009, and reflects delinquent contributions totaling $39,376.47. (Id.; Doc. 18-7.) The controller also reviewed pay slips of Defendant employee Steve Donovan and discovered that Defendant had paid at the wrong contribution rate for Mr. Donovan.[3] (Laramie Supp. Aff. ¶ 8; Doc. 18-8.) This error resulted in Defendant owing an additional $7,362.71.

Also, Defendant reported hours without purchasing benefit stamps for July 2009 through January 2010. (Laramie Supp. Aff. ¶ 9.)

The unrefuted evidence is that Defendant owes Plaintiff a total of totaling $95,246.44: $74,177.52 in delinquent contributions; $14,835.50 in liquidated damages; and $6,233.42

---

[3]Defendant had paid contributions for Mr. Donovan at the "residential B" apprentice rate; however, the contribution that should have been paid was at the "residential journeyman" rate. (Laramie Supp. Aff. ¶ 8.)

in interest. (Laramie Supp. Aff. ¶ 10.) Also, Plaintiffs have incurred attorney's fees of $891.50 and court costs of $429. (Campbell Aff. ¶ 1-4.)

## Discussion

"Rule 56 of the Federal Rules of Civil Procedure 'mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.'" **White v. McDonnell Douglas Corp.**, 904 F.2d 456, 458 (8th Cir. 1990) (per curiam) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Accord **Loeb v. Best Buy Co.**, 537 F.3d 867, 871 (8th Cir. 2008) ("'Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" (quoting Carraher v. Target Corp., 503 F.3d 714, 716 (8th Cir. 2007)). When making this determination, the Court views the evidence, and any reasonable inferences therefrom, in the light most favorable to the nonmovant. **Id.**

ERISA "is a comprehensive statute that sets certain uniform standards and requirements for employee benefit plans," **Minn. Chapter of Associated Builders and Contractors, Inc. v. Minn. Dept. of Public Safety**, 267 F.3d 807, 810 (8th Cir. 2001), and was enacted to prevent "the mismanagement of funds accumulated to finance employee benefits and the failure to pay employees benefits from those funds," **Massachusetts v. Morash**, 490 U.S. 107, 115 (1989).

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132, provides:

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

  (A) the unpaid contributions,

  (B) interest on the unpaid contributions,

  (C) an amount equal to the greater of –

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E) such other legal or equitable relief as the court deems appropriate.

Additionally, § 515 of ERISA, 29 U.S.C. § 1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  Section 515's "stated purpose [is] to 'permit trustees of plans to recover delinquent contributions efficaciously . . . .'" **Benson v. Brower's Moving and Storage, Inc**., 907 F.2d 310, 314 (2nd Cir. 1990) (quoting 126 Cong. Rec. 23,039 (1980)).  Courts have interpreted this section as "precluding employers from raising a variety of contract defenses as a means of avoiding the obligation to contribute to employee benefit plans." **Agathos v. Starlite Motel**, 977 F.2d 1500, 1505 (3rd Cir. 1992).

The employer in the instant case, Defendant, has raised no defense to Plaintiffs' claims of unpaid contributions and accompanying financial obligations. Indeed, Defendant contests neither the subject of the claims nor the amounts.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment is **GRANTED**. [Doc. 17]

**IT IS FURTHER ORDERED** that judgment is entered in favor of Plaintiffs and against defendant Arbor Construction Company, LLC, in the amount of Ninety-Six Thousand, Five Hundred Sixty-Six Dollars and Ninety-Four Cents ($96,566.94) as and for delinquent fringe benefit contributions, liquidated damages, interest, attorney's fees, and costs.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd  day of August, 2010.